# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | 18 U.S.C. § 231(a)(3) |
| **LEONARD LOBIANCO,** | : | (Civil Disorder) |
| also known as "Riddler," and | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| **TOM VOURNAS,** also known as | : | (Obstruction of an Official Proceeding) |
| "El Greco," | : | 18 U.S.C. § 111(a)(1) and (b) |
| | : | (Assaulting, Resisting, or Impeding |
| Defendants. | : | Certain Officers Using a Deadly or |
| | : | Dangerous Weapon, Inflicting Bodily |
| | : | Injury) |
| | : | 18 U.S.C. § 1752(a)(1) and (b)(1)(A) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds with a Deadly or |
| | : | Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) and (b)(1)(A) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | | (Disorderly and Disruptive Conduct in a |
| | | Restricted Building or Grounds) |
| | | 18 U.S.C. § 1752(a)(4) and (b)(1)(A) |
| | | (Engaging in Physical Violence in a |
| | | Restricted Building or Grounds with a |
| | | Deadly or Dangerous Weapon) |
| | | 40 U.S.C. § 5104(e)(2)(D) |
| | | (Disorderly Conduct in |
| | | a Capitol Building) |
| | | 40 U.S.C. § 5104(e)(2)(F) |
| | | (Act of Physical Violence in the Capitol |
| | | Grounds or Buildings) |
| | | 40 U.S.C. § 5104(e)(2)(G) |
| | | (Parading, Demonstrating, or Picketing in |
| | | a Capitol Building) |

1

## MOTION TO SEAL INDICTMENT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed on both defendants, the Indictment in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Leonard Lobianco willfully and knowingly entered the United States Capitol on January 6, 2021, without legal authority, and participated in violent and in disorderly conduct in violation of 18 U.S.C. § 231(a)(3), 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G). The United States is also investigating allegations that Tom Vournas willfully and knowingly entered the United States Capitol on January 6, 2021, without legal authority, and participated in violent and in disorderly conduct in violation of 18 U.S.C. § 231(a)(3), 18 U.S.C. §§ 1512(c)(2), 2, 18 U.S.C. § 111(a)(1) and (b), 18 U.S.C. § 1752(a)(1) and (b)(1)(A), 18 U.S.C. § 1752(a)(2) and (b)(1)(A), 18 U.S.C. § 1752(a)(4) and (b)(1)(A), 40 U.S.C. § 5104(e)(2)(D) , 40 U.S.C. § 5104(e)(2)(F) , and 40 U.S.C. § 5104(e)(2)(G).

2. The public disclosure of the Indictment could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendants, which also may lead to the destruction or tampering of evidence, intimidation of potential witnesses, and serious jeopardy to the investigation. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999),

there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants. A limited sealing order ensuring that filings related to the Indictment are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Indictment, or a resulting sealing order, means that the defendants are charged with a crime, and the Government intends to arrest them. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant on both defendants, the Indictment, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:    /s/ *Brian D. Brady*
        Brian D. Brady
        Trial Attorney, Department of Justice
        DC Bar No. 1674360
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 834-1916
        Brian.Brady@usdoj.gov